56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Pjetre GOJCEVIC, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-3957.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 1
 Immigration and Naturalization Service No. Aug-qnp-qty.
 
 INS
 
 2
 PETITION DENIED.
 
 
 3
 Before: MILBURN and SILER, Circuit Judges, and COOK, Chief District Judge.*
 
 ORDER
 
 4
 Pjetre Gojcevic, a Yugoslavian citizen, petitions through counsel for review of a decision of the Board of Immigration Appeals dismissing his appeal from a decision of an Immigration Judge denying him relief from deportation in the form of a waiver of inadmissibility, asylum or withholding of deportation, pursuant to 8 U.S.C. Secs. 1182(c), 1158(a) or 1253(h). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 5
 Gojcevic entered this country with his family in 1973 as a refugee, when he was six years old. He is ethnically Albanian and comes from the Montenegro region of Yugoslavia. He completed the ninth grade of school in this country and has since worked steadily in the restaurant business. He lives with his parents, two brothers, and grandmother, and contributes to the support of the family. In 1987, Gojcevic entered a guilty plea in Michigan state court to a charge of possession of less than fifty grams of cocaine. He was sentenced to two years of probation. He had a criminal history of a conviction for carrying a concealed weapon, for which he also received probation. He violated the probationary term on his cocaine conviction by again using cocaine. He has also since been convicted of trespassing, and again sentenced to probation. Deportation proceedings were commenced against Gojcevic based on his conviction of a controlled substance offense. He conceded deportability, but moved for relief in the form of a waiver of inadmissibility, asylum, or withholding of deportation. A hearing was held before an Immigration Judge, who concluded that Gojcevic was ineligible for any relief. His appeal to the Board of Immigration Appeals was dismissed, with one Board member dissenting.
 
 
 6
 In denying Gojcevic's application for a waiver of inadmissibility, the Board determined that he had presented outstanding equities in the form of his family ties, length of residence in this country commencing at a young age, employment history, and the hardship to Gojcevic and his family which will be caused by his deportation. However, it was concluded that these outstanding equities did not outweigh the serious negative factor of his criminal history and lack of rehabilitation. This court reviews the Board's decision in a waiver case for an abuse of discretion. Craddock v. INS, 997 F.2d 1176, 1178 (6th Cir. 1993). An abuse will be found only if the Board's decision lacks a rational explanation, inexplicably departs from established policies, or is based on invidious discrimination. The fact that this court may have resolved the balancing of the equities of the case differently is insufficient. Id. at 1179. Because we cannot conclude that the Board's decision in this case is irrational or discriminatory, the petition for review of the decision regarding the application for a waiver must be denied.
 
 
 7
 An applicant for asylum must establish that he suffered past persecution or has a well-founded fear of future persecution due to his race, religion, nationality, membership in a particular social group, or political opinion. INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). This court reviews the Board's decision on an asylum application to determine whether it is supported by substantial evidence. Klawitter v. INS, 970 F.2d 149, 151 (6th Cir. 1992). In order to reverse the Board's decision, the evidence must be so compelling that no reasonable finder of fact could fail to find the requisite fear of persecution. Id. at 152. In this case, Gojcevic argues that he fears persecution based on his Albanian ethnicity and because his father was jailed for anti-government activities before the family fled Yugoslavia. However, he presented next to no evidence in support of his arguments. Accordingly, the Board's finding that Gojcevic did not meet his burden of proof on this issue is supported by the record. Finally, because Gojcevic did not qualify for asylum, he necessarily failed to meet the stricter standard of eligibility for withholding of deportation. See Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir. 1992).
 
 
 8
 For all of the above reasons, the petition for review is denied.
 
 
 
 *
 The Honorable Julian A. Cook, Jr., United States Chief District Judge for the Eastern District of Michigan, sitting by designation